# Marr *versus* Marr.

1. Where, by agreement of the parties filed, a cause is submitted to a referee, under the provisions of the Act of May 14th 1874 (P. L. 166), the decision of the referee must conform to the requirements provided by the Act of April 22d 1874 (P. L. 109), with respect to the decision of a court in the case of a submission under the last mentioned Act. That is, such decision must state separately and distinctly the facts found by the referee, the answers to points submitted, and the referee's conclusions of law; and judgment cannot be entered upon such decision until thirty days after filing and notice thereof to the parties. A referee's decision lacking the foregoing requisites will be set aside; and a judgment entered thereon without notice of its filing will be reversed upon writ of error.

2. Upon the trial of an issue before such referee, the plaintiff put in evidence an alleged agreement of settlement between the parties; signed not by the defendant but by his attorney for him. The defendant offered to show that his attorney had no power to sign said agreement, and that the settlement thereby evidenced was incorrect. The defendant's offers of evidence recited certain transactions both prior to and since the date of the alleged settlement, whereby it was claimed that the plaintiff had been fully paid. The referee, holding that the validity of said agreement had not been impeached, rejected evidence of all transactions prior to its date: *Held*, to be error, and that the defendant's offers of testimony should have been admitted.

April 27th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Northumberland county :* Of January Term 1883, No. 181.

Judgment was entered May 15th 1877, upon a judgment note, in favor of W. H. Marr, to use of Frank S. Marr, assignee, against A. G. Marr, for $8,000. Upon petition of defendant the judgment was opened, and an issue directed to determine

·how much, if anything, was due to the plaintiff on said judgment. To the note, which constituted the declaration, the defendant pleaded payment, payment with leave, set off, &c.

Subsequently, by agreement of the parties in writing filed, the cause was referred to William I. Greenough, Esq., as referee, under the Act of May 14th 1874 (P. L. 166).

On the trial, before the referee, on July 10th 1882, the plaintiff put in evidence the note, which had the following indorsement on the back:

This judgment is held as collateral security for the enforcement of an agreement dated the 12th day of July-1876, between Doctor William H. Marr, of Lewisburg, Pa., for the collection of eight thousand dollars with interest from the first day of January 1877, in manner as set forth in the above referred to agreement.          .(Signed)          Wм. H. Marr.
                                         W. A. Marr,
                              Attorney for A. G. Marr.

August 14th 1876.

Plaintiff then offered in evidence the said agreement of July 12th 1876, whereby it was provided, " that in settlement of all amounts and claims due from A. G. Marr to William H. Marr, the said William H. Marr agrees to take the sum of $8,000, with interest from January 1st 1877," payable in annual installments; to be secured by collaterals, &c. This agreement was signed—      . " William H. Marr.
                    A. G. Marr, by his attorney Wм. A. Marr."

Objected to, because it is not shown that Wm. A. Marr had authority from the defendant to make said agreement or bind the defendant thereby, or by the indorsement on the note, if that refers to said agreement. Objections overruled, and agreement admitted. Exception.

The plaintiff offered certain evidence relating to collaterals furnished, to show ratification by defendant of said agreement.
    The defendant, in several offers, proposed to prove (1) that William A. Marr had no authority as his attorney to bind him by said agreement, (2) to prove in detail a long series of business transactions between plaintiff and defendant, beginning in 1868, and continuing since the date of said alleged agreement, and (3) " that in the settlement made by William H. Marr on the 12th day of July 1876, there were plain and evident mistakes in the calculation and settlement made at that time, and that the said A. G. Marr, upon a fair settlement as of that date, would appear not to owe anything on account of the judgment note offered in evidence, but to have largely overpaid William

[Marr v. Marr.]

H. Marr, and will show that William H. Marr is indebted at this time to the defendant.

To these offers the plaintiff presented numerous objections, which the referee sustained so far as they related to the admission of evidence of any transactions prior to and included in the settlement of July 12th 1876. Exception. The referee admitted evidence of payments since said date.

The following is the referee's decision in full:

In the court of common pleas of Northumberland county.

Frank S. Marr, Assignee,
vs.
A. G. Marr.

No. 740 June Term, 1877;
15th May 1877, Judgment;
10th June 1882, submission to
W. I. Greenough, Referee, under Act 14th May 1874.

| | |
|---|---:|
| Amount of debt according to endorsement dated 14th August 1876, on back of single bill, with warrant of attorney, dated 1st January 1875, | $8,000 00 |

Interest from 12th January 1877,
Credit,

C. F. Reger, for use of
W. H. Marr,
vs.
Mt. Carmel Township.

No. 250, N. T., 1870,
No. 217, January Term,
1875, judgment, 427
August Term 1875,

| | | |
|---|---:|---:|
| Judgment, | $562 35 | |
| Interest to 19th January 1876, | 32 14 | |
| | 594 49 | |
| Credit, | 116 48 | |
| | 478 01 | |
| Interest to 1st January 1877, | 27 33 | |
| | | 505 34 |
| Balance, interest from 1st January 1877, | | $7,494 66 |
| Interest to 1st December 1882, | | 2,660 61 |
| | | $10,155 27 |

And now, the 1st day of December, A.D. 1882, the said undersigned referee having been first duly sworn, and both the said parties having appeared with their respective counsel at the time and place appointed for hearing the cause and the respective proofs and allegations having been presented and heard, the said referee doth award that there is due of principal and interest to this date on said judgment to the said plaintiff,

[Marr *v.* Marr.]

Frank S. Marr, assignee from the said defendant, A. G. Marr, the sum of ten thousand one hundred and fifty-five dollars and twenty-seven cents.

And the said undersigned referee doth hereby direct that judgment be entered herein in favor of the said plaintiff, Frank S. Marr, assignee, and against the said defendant, A. G. Marr, for the said sum of ten thousand one hundred and fifty-five dollars and twenty-seven cents, with its interest from this date, with costs of suit.

Witness my hand this 1st day of December, A. D. 1882.

W. I. GREENOUGH,
Referee.

Defendant excepts to the ruling of the referee, and requests that the evidence with the several bills of exceptions be filed and made part of the record. W. I. GREENOUGH,
Referee.

The foregoing decision, with the notes of evidence attached, was filed December 1st 1882, whereupon, on the same day, the prothonotary entered judgment in favor of plaintiff, as therein directed.

The defendant took this writ of error, assigning for error, inter alia, the refusal of his offers of testimony as above noted, the decision of the referee, and the judgment entered thereon.

*S. P. Wolverton,* for the plaintiff in error.—Every requirement of the Act of May 14th 1874, was neglected by the referee ; his decision was not filed until 133 days after the close of the trial, instead of within 60 days ; he does not find the facts separately and distinctly ; and he gives no conclusions of law. The judgment was erroneously entered the same day the referee's decision was filed, instead of after 30 days' notice to the parties. The defendants' offers of evidence were erroneously excluded by the referee.

*W. H. M. Oram (Andrew H. Dill* with him).—While the facts stated by the referee are not separately numbered, they are distinctly found, and the conclusion of law is deduced that the defendant owes to the plaintiff a stated amount. This would be sufficient as a special verdict, and we contend, is sufficiently certain under the Act of May 14th 1874. That Act contains no requirements as to the referee's decision except that the decision and what pertains to it, shall be filed of record in the case. The words, "in like manner . . . as in cases submitted in like manner to the court," refer only to the right of appeal and not to the duties of the referee. If it was intended to incorporate and re-enact in the Act of May 14th 1874, all the provisions of the Act of April 22d 1874, relating to submissions to the court, such provisions should have been recited in hæc

verba; the constitution prohibits that result being accomplished by a mere general reference in one Act to the provisions of another Act. The referee's rulings on evidence are stated fully in the notes of evidence filed with the report, which alone this court can review: City of Philadelphia v. Linnard, 1 Out. 250.

Mr. Justice GREEN delivered the opinion of the court, October 1st 1883.

This case was submitted by the parties, by agreement in writing and filed of record, to the decision of a referee learned in the law, under the Act of May 14th 1874 (P. L. 166). By the third section of the Act, the referee is required to proceed to perform the duties of his appointment, in all things pertaining to the trial and decision of the case, in the same manner in all respects as would be done by the court under a like submission. The section further provides that the decision together with what pertains to it shall be filed of record, and shall in like manner and to the same extent be subject to exceptions and writ of error or appeal, as in cases submitted in like manner to the court. The Act of April 22d 1874 (P. L. p. 109), which authorizes the submission of civil causes to the decision of the court, directs, in the second section, that the decision of the court shall be in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel, and the conclusions of law, and shall be filed within sixty days after the termination of the trial, whereupon notice of the filing shall forthwith be given to the parties by the prothonotary or clerk, in order that exceptions may be filed within thirty days after service of notice. In the present case none of these requirements was observed. On the first of December, 1882, the report of the referee, dated the same day, was filed in the prothonotary's office. The meeting, under the reference, was ordered for the 10th of July 1882, but the appendix containing the evidence does not show the date of any meeting, or of the closing of the trial. It is alleged, however, and not denied, that the report was not filed until 133 days after the trial. There is no finding by the referee of any facts or any conclusions of law, and in reality the report contains nothing but an award that there was due, on the judgment in question, the sum of $10,155.27, on December 1st 1882, and a direction that judgment be entered for that amount with costs. On the day of the date of the report judgment was entered upon it, in express violation of the provision of the Act, which only authorizes judgment to be entered after the expiration of thirty days after notice by the prothonotary of the filing of the report, for the very purpose of allowing exceptions to be filed. No opportunity was afforded for filing exceptions after the report and before

[Marr *v.* Marr.]

judgment. It is too plain for argument that the proceedings were fatally defective and erroneous throughout, and the judgment must therefore be reversed. It is indispensable to the validity of the report of a referee under the Act of May 14th 1874, that it should state separately and distinctly the facts found and the conclusions of law resulting from the facts. In Butterfield *v.* Lathrop, 21 P. F. S. 229, we held, SHARSWOOD, J., that, " it is evident that the Act contemplates that there shall be in each case what is equivalent to a special verdict. The finding of the referee must have the same certainty and fullness as is required in a special verdict, so that the judgment shall be the conclusion of law upon the facts." This language is used with reference to the fourth section of the Act of April 6th 1869 (P. L. p. 725), authorizing the reference of civil actions in the county of Bradford. The language of that section is, so far as it relates to this subject, as follows : " The said referee shall state the facts found and the conclusions of law separately." The other provisions of the Act of 1869 are in substance very similar to those of the Act of May 14th 1874, and the principle of the above decision is quite applicable to the interpretation of the latter Act. As a writ of error or appeal lies directly from the decision of the referee to this court it is all the more important that every right of review which would have been enjoyed in cases submitted to the court, should be protected. We held, in City of Philadelphia *v.* Linnard, 1 Out. 250, construing the Act of May 14th 1874, that the court of common pleas has no jurisdiction to review the action of the referee; that this could only be done by the supreme court on error or appeal, and that the referee's findings of fact are as conclusive as the verdict of a jury. We held also, that this Act was similar to the prior local Acts of 1869 and 1870, referring to the cases of Thornton *v.* Enterprise Ins. Co., 21 P. F. S. 234, and Butterfield *v.* Lathrop, Id. 225, and that the Act of 1874 in reference to the effect to be given to the report of the referee, has the same intendment as those Acts. The essential requisites of a special verdict are fully described in Vansyckel *v.* Stewart, 27 P. F. S. 124, and, tested by the rule there stated the report of the referee in the present case is entirely defective and void.

We are also of opinion that the referee was in error in rejecting the offers of proof covered by the third, fourth, fifth and sixth assignments of error. Those matters offered in evidence must be assumed as true, for the purposes of this argument, and, as such, they constituted the whole history of the transaction as alleged by the defendant, and he certainly could not be precluded from having them considered, by the allegation that they had all been finally settled by the action of his attorney,

[Staeger *v.* Commonwealth.]

when a part of his offer was to prove that the attorney had no authority from him to make a binding settlement of the matters in controversy. We think the proper course for the referee would have been to hear all of this testimony, and then, upon all the evidence in the case, to report separately and distinctly all the facts found by him material and pertinent to the issue, and also his conclusions of law upon the facts found, and conclude by reporting whether anything, and if so, how much was due upon the judgment in question. The case could then have been fully reviewed upon all its merits of law and fact, a course which it is impossible to adopt now as we have no findings or conclusions before us.

> Judgment reversed, report and award set aside, and procedendo awarded.