### James Fitzsimmons, Appellant, *v.* John S. Robb.

*Equity—Equity practice—Findings of fact—Review.*

   Under the new equity rules where a case in equity is tried by the court,
it is the duty of the court to set forth the findings of fact and conclusions
of law in such detail as to relieve the Supreme Court from finding the
facts for itself and drawing its own conclusions, as well as to give the par-
ties an opportunity to except to the findings of fact on which the decree
may be partly, if not wholly predicated.

   An equity case was tried by the court and testimony taken covering
seventy-five printed pages.   The court filed the following as its findings
of fact, conclusions of law and decree : " And now, July 6, 1895, the court
makes the following finding, viz : That the evidence does not show that
the plaintiff is entitled to the relief prayed for in his bill, to wit, to an ac-
count.   The bill is dismissed at the costs of the plaintiff."   *Held* (1) that
there was no sufficient findings of fact ; (2) that the finding that the plain-
tiff was not entitled to an account was a conclusion of law rather than a
finding of fact ; (3) that the record was not in proper condition for review
in the Supreme Court, and should therefore be sent back for an adequate
statement of the findings of fact upon which the decree was based.

   Argued Jan. 30, 1896.   Appeal, No. 264, Oct. T., 1895, by
plaintiff from decree of C. P. No. 1, Allegheny Co., June T.,
1895, on bill in equity.   Before STERRETT, C. J., GREEN, WIL-
LIAMS, MITCHELL and DEAN, JJ.   Reversed.

   Bill in equity for an account.
   The facts appear by the opinion of the Supreme Court.
   The court entered a decree dismissing the bill.

*Error assigned* was decree of the court.

*J. G. White, T. H. Baird Patterson* with him, for appellant. —This decree is too indefinite in its terms, and it disregards the plain and positive requirements of the amended equity rules, which are the highest legal enactments sanctioned by the most deliberate and wise decision and construction of this court; and consequently the decree is undoubtedly erroneous. And as the decree deprives appellant of his rights without legal grounds, therefore we earnestly insist that for these reasons the decree of the common pleas court complained of ought to be reversed.

*W. B. Rodgers,* for appellee.—While numerous and specific findings may be proper and necessary in some cases, this was not a case where that was necessary, and the finding that the evidence did not show that the appellant was entitled to the relief prayed for, to wit, an account, was a specific finding that the plaintiff had no case under the evidence, and was sufficient.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 17, 1896:

This case appears to have been taken up under the new equity rules and heard on bill, answer and proofs. The learned court, doubtless after due consideration, made " the following finding, viz : That the evidence does not show that the plaintiff is entitled to the relief prayed for in his bill to wit: an account." This remarkably brief finding of facts from the pleadings and the testimony, covering over seventy-five printed pages, is followed by the decree dismissing the bill with costs, etc.

It is very evident that there has been no such finding of facts and entry thereof on the record, in this case, as correct equity practice requires. It is always desirable that the trial court's findings of fact and conclusions of law should be as briefly and concisely stated as is reasonably practicable and consistent with a clear and precise presentation of the facts and principles of law on which the decree is based. But anything short of that, and akin to the so-called finding in this case, would be of very little, if any, assistance to an appellate court. The latter would be obliged to take up the case,—pleadings and testimony entire,— and after a careful consideration of the same in detail, find the facts for itself and draw its own conclusions independently of

the action of the trial court. It would also have the effect of depriving the parties of an opportunity of excepting to findings of fact of which the decree may be partly if not wholly predicated.

The so-called finding, in this case, that the plaintiff is not entitled to an account, is a conclusion of law rather than a finding of fact. It is, moreover, a conclusion drawn from facts which were doubtless found by the trial court but not put upon the record, and therefore not reviewable here. To sanction such an innovation on time honored equity practice would be a departure which we are not prepared to take.

It follows from what has been said that the record is not in proper condition for review here, and must therefore be sent back for an adequate statement of the findings of fact upon which the decree is based. We purposely abstain from any expression of opinion on the merits of the case.

Decree reversed with costs to abide the final determination of the case, and record remitted for further proceedings in accordance with this opinion.