# Andrew A. Cairns, Appellant, v. Lizzie Ingram, individually and as Executrix of the Will of Robert Ingram, deceased.

*Jurisdiction, equity—Cancelation of fraudulent deed—Debtor and creditor.*

Where a debtor conveys all his real estate, with intent to defraud his creditors, and then dies insolvent, a court of equity has jurisdiction, upon bill filed by creditors intended to be defrauded, to decree the conveyance to be null and void as to such creditors and to decree a sale of the land in satisfaction of the claims unless they should be paid in a specified time and to enjoin the fraudulent vendee from conveying the land in the mean time. Fowler's Appeal, 87 Pa. 449, followed.

*Equity practice—Equity rules—Allegations of fraud raising issue of fact.*

By the equity rules all defenses in equity cases shall be made by answer or demurrer. All issues of fact must be by answer.

The bill alleging a fraudulent conveyance and the answer denying the allegations of fraud, it is error for the court below to entertain and sustain a motion to dismiss the bill without any findings of fact whatever, or any finding of law, except that there was a full and adequate remedy at law. Such a case is not of the character of those clearly not cognizable in equity and having been brought to trial on the issues of fact should have been allowed to proceed until the proofs were all in.

Argued Oct. 11, 1898. Appeal, No. 106, Oct. T., 1898, by plaintiff, from order and decree of C. P. No. 3, Phila. Co., June T., 1892, No. 143, dismissing bill of complaint. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Hearing on bill, answer and proofs. Before FINLETTER, P. J.

It appears from the record that the plaintiff obtained a judgment against Robert Ingram for $400 on January 22, 1896, and a motion for a new trial and reasons therefore were filed and pending the disposition of this motion defendant died. Subsequently the rule for new trial was discharged. The bill filed averred that pending the trial of the cause defendant fraudulently conveyed all his real estate for $1.00 to one William T. Turner, who subsequently conveyed to the defendant, Lizzie Ingram, wife of Robert Ingram. That the conveyances were fraudulent and without consideration and tending to hinder and delay the plaintiff in the collection of his debt. The bill further averred that the said Robert Ingram possessed no estate other than the real estate so conveyed, out of which the said verdict could be paid; that the said Lizzie Ingram intended to convey and sell the said real estate to a bona fide purchaser with a view of preventing the said plaintiff from collecting his verdict against the said Robert Ingram out of the said property. The bill asked relief by injunction to restrain said Lizzie Ingram from conveying or in any manner incumbering the said real estate; that the above recited deeds from Robert Ingram to William T. Turner and from William T. Turner to Lizzie Ingram be declared null and void as against the petitioner; and that the said real estate be decreed to be assets of the estate of Robert Ingram, deceased, and subject to the payment of the verdict of the petitioner against the said Robert Ingram.

An answer was filed admitting the debt and the fact of the conveyances, but denying fraud and averring that the conveyances were made for a good and valuable consideration. The answer further denied the contemplation of selling the real estate with a view of preventing defendant from collecting his verdict but averred that respondent was advised that the real estate belonged to her in fee simple and that she had a right at any time to dispose of the same to any person that she deemed proper. The answer also set up that plaintiff had an adequate remedy at law.

Plaintiff's counsel submitted certain findings of facts and law and defendant moved that the bill be dismissed on the ground that the plaintiff had an adequate remedy at law and a bill in equity will not lie.

The following exceptions were taken to the court below: 1. The court erred in refusing to adopt or affirm, qualify or deny, the requests for findings both of fact and law, asked for by the plaintiff, or to state his finding of fact or of law in his own language. 2. The court erred in entering a decree dismissing the plaintiff's bill with costs. [2]

The court filed no opinion upon the exceptions, but simply made the entry of "exceptions dismissed."

Upon the hearing the court entered the following decree: [And now, to wit: December 1, 1896, this cause came on to be heard, on bill, answer and proofs, at September term, 1896, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed, as follows, to wit: That the bill of complaint be dismissed with costs.] [1] Plaintiff appealed.

*Errors assigned* were (1) in entering decree, reciting same. (2) In dismissing the second exception, reciting same. (3) In not entering decree sustaining the plaintiff's bill.

*John G. Lamb*, for appellant.—That equity has jurisdiction in just such cases as these has been settled in Pennsylvania: Fowler v. Kingsley, 87 Pa. 449; Houseman v. Grossman, 177 Pa. 453.

The present case is a stronger case for the intervention of equity than either of those cited. Here the fraudulent conveyance was made during the pendency of the suit; the case was

tried and a verdict obtained during the lifetime of the fraudu-
lent grantor, but the plaintiff was delayed from proceeding to
enforce it by the decedent's rule for a new trial, and this rule
was not discharged until a few days after his death.

Even where the conveyance is to a married woman, from a
person other than her husband, she must, in a contest with her
husband's creditors, prove that she paid for it with her own
money: Jack v. Kintz, 177 Pa. 571.

A man indebted cannot convey to his wife except upon an
adequate consideration; his conveyance is prima facie void as
against creditors: Fritchey's Estate, 1 Pearson, 169.

*DeForest Ballou*, for appellee.—The learned court below
properly dismissed the bill of complaint for want of jurisdiction,
it being a well settled doctrine that the plaintiff has a full, com-
plete and adequate remedy at law: Bank's Appeal, 13 W. N. C.
101; Triscuit's Appeal, 13 W. N. C. 57; Richards's Appeal, 100
Pa. 51; Bank v. Maguire, 39 L. I. 168.

OPINION BY RICE, P. J., November 14, 1898:

It was held in Fowler's Appeal, 87 Pa. 449, that where a
debtor conveyed all his real estate with intent to defraud his
creditors, and then died insolvent, a court of equity had juris-
diction upon a bill filed by certain of the creditors intended to
be defrauded to decree the conveyance to be null and void as
to such creditors; to decree a sale of the land in satisfaction
of the claims unless they should be paid within a specified time;
and to enjoin the fraudulent vendee from conveying the land
in the mean time. This decision was followed in Houseman v.
Grossman, 177 Pa. 453, the only difference between the two
cases being that in the latter case the creditor had brought
suit for her claim and obtained judgment against the estate
of the deceased debtor. In the case at bar, the fraudulent con-
veyance was made after the creditor had begun his action at
law and before he could obtain a verdict. After verdict the
debtor applied for a new trial, and before the rule could be dis-
posed of died. The rule was subsequently discharged. The
only point, therefore, in which this case is distinguishable from
Fowler's Appeal is in the fact that the creditor had established
his claim by a verdict in an action at law in the lifetime of the

debtor, but before he could obtain judgment the debtor died. This fact is favorable, rather than the contrary, to the jurisdiction of equity in the present case, for it removes the objection very strenuously insisted upon in Fowler's Appeal that the debt had not been judicially ascertained in an action at law. In view of these decisions we need not enter into any extended discussion of the general jurisdiction of courts of equity to set aside fraudulent conveyances. Unquestionably they have jurisdiction. The statute gives it and it will not be ousted unless the remedy at law is plain, adequate and complete. Equitable jurisdiction does not depend on the want of a common-law remedy, but may be sustained on the ground that the latter is not full and adequate: Johnston v. Price, 172 Pa. 427, and cases there cited; Mortland v. Mortland, 151 Pa. 593. We need not go outside the cases first cited for authority for the proposition, that, however it might be if the debtor were living, and could be served with process, equity furnishes an appropriate remedy for such a case as this, assuming the facts to be as stated in the bill. This is all we are called upon to decide at this time. The amended equity rules provide: " All defenses in equity cases shall be made by answer or demurrer. All issues of fact must be by answer."

The defendant answered denying the allegations of fraud contained in the bill; issue was joined upon her answer, and the case was partly tried, but, so far as the record shows, the plaintiff had not rested his case. The defendant then moved to dismiss the bill upon the ground " that the plaintiff here has a remedy at law, and a bill in equity will not lie." The motion was allowed and a decree entered dismissing the bill without any findings of fact whatever, or any finding of law, except that there was a full and adequate remedy at law. If the case were one clearly not cognizable in equity this summary mode of disposing of it might not have been erroneous, although it would have been more satisfactory if the court had stated, even briefly, the reasons for its conclusion. See Fitzsimmons v. Robb, 173 Pa. 645. But the case was not of that character, and having been brought to trial on the issues of fact should have been allowed to proceed until the proofs were all in. See Adams's Appeal, 113 Pa. 449, Evans v. Goodwin, 132 Pa. 136, Searight v. Bank, 162 Pa. 504, Shillito v. Shillito, 160 Pa. 167.

The decree is reversed, the bill is reinstated and the record is remitted for further proceedings in accordance with the practice in equity; the costs to abide the final determination of the case.