## PAINE v. STANDARD PLUNGER ELEVATOR CO.

(Circuit Court, E. D. Pennsylvania. April 1, 1911.)

### No. 376.

1. REFERENCE (§ 89*)—REFEREE'S REPORT—FINDINGS OF FACT AND LAW.

Where a case is referred to the referee, merely to summarize conflicting testimony on material points is not a sufficient finding of the ultimate facts, under Acts Pa. 1874 (P. L. 109, 166), requiring a referee to state separately and distinctly the facts found, as distinguished from the evidence concerning such facts, the answers to such points as may be submitted, and his conclusions of law.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 135–140; Dec. Dig. § 89.*]

2. REFERENCE (§ 89*)—FINDINGS OF FACT—GENERAL AND SPECIAL FINDINGS.

Where a referee is not required to make specific findings of fact, general findings that are equivalent to specific statements are sufficient.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 135–140: Dec. Dig. § 89.*]

Suit by Leonard G. Paine against Standard Plunger Elevator Company. On exceptions to the referee's report. Report returned for findings of fact and law.

Henry Spalding and Joseph A. Slattery, for plaintiff.

James E. Hood and John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. I regret very much that this report must be returned for further proceedings. In a case of this magnitude, with a record so voluminous, I feel at liberty to ask for as much help as can be reasonably obtained, and especially for definite and precise findings of fact upon controverted questions. [1] Merely to summarize the conflicting testimony upon an important point does not go far enough. There is, of course, no objection to such a summary, and it may often be very desirable; but in every instance the summary should be accompanied by a distinct finding of the ultimate facts. The Pennsylvania statutes of 1874 (P. L. 109, 166) require the referee to state separately and distinctly the facts found (not merely the evidence concerning such facts), the answers to such points as may be submitted, and his conclusions of law. Several cases on the subject are as follows: Marr v. Marr, 103 Pa. 463; Id., 110 Pa. 60. 20 Atl. 592; Sweigard v. Wilson, 106 Pa. 207; Harris v. Hay, 111 Pa. 562, 4 Atl. 715; Lewars v. Weaver, 121 Pa. 268, 15 Atl. 514; Commonwealth v. Equitable, etc., Assoc., 137 Pa. 412, 18 Atl. 1112; Smelting Co. v. Laverty, 159 Pa. 294, 28 Atl. 207; and Miller, etc., Co. v. Dunlap, 21 Wkly. Notes Cas. (Pa.) 285. [2] If no specific requests for findings of fact are made (and none appears to have been made in this case), general findings that are equivalent to a specific statement are sufficient. Philadelphia Co. v. U. G. I. Co., 180 Pa. 235, 36 Atl. 742. The Pennsylvania equity rules of 1894 (159 Pa. xxv, 28 Atl. vi) are similar in scope, and Fitzsimmons v. Robb, 173 Pa. 645, 34 Atl. 233, and Schmidt v. Baizley, 184 Pa. 527, 39 Atl. 406, may also be cited as describing the kind of findings that should be made. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

serious difficulty I have found is in attempting to separate the findings of fact from the recital of the testimony and from the discussion concerning its weight and relevancy.

Under the supplement of 1889 (P. L. 80), the court has undoubted power to alter a referee's findings; but it should first appear clearly just what these findings are—especially because the referee has heard and seen the witnesses, and therefore his conclusions will naturally be given much weight. He also is entitled, I think, to the help that he may receive from written requests for specific findings. In the present case I shall therefore return his report with the following order:

On or before April 15, 1911, the plaintiff and the defendant are directed to submit to the referee written requests for findings of fact and conclusions of law, and within 15 days thereafter the referee is directed to consider and report thereon, stating separately and distinctly his findings of fact and conclusions of law, adding such discussion and argument (if any) as he may consider advisable. On or before May 10th the parties may file exceptions to this supplemental report, which shall be disposed of by the referee in accordance with the provisions of the act of 1889. The case will then be assigned for argument by the Circuit Court upon the application of either party.