## PAINE v. STANDARD PLUNGER ELEVATOR CO.

(Circuit Court, E. D. Pennsylvania. November 24, 1911.)

### No. 276.

RELEASE (§ 55*)—CONSTRUCTION AND EFFECT—GENERAL RELEASE.

> A written release of all claims and demands against a debtor, given on a settlement and payment, presumptively covers all just indebtedness and bars any further recovery, unless such presumption is overcome by proof that would nullify the apparent effect of the release.

> [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 94–100; Dec. Dig. § 55.*]

At Law. Action by Leonard G. Paine against the Standard Plunger Elevator Company. On exceptions to report of referee. Report confirmed, and judgment thereon for defendant.

Henry Spalding and Joseph A. Slattery, for plaintiff.
James E. Hood and John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. This controversy was referred by the parties under the Pennsylvania act of 1874 and its supplements. P. L. 109. 166. The first report of the referee contained a careful and extended discussion of the evidence; but, for the reasons given in 186 Fed. 605, it seemed desirable to return the case for further proceedings—especially that the findings of fact and conclusions of law might be stated separately and specifically. This has now been done in the supplemental report, which leaves nothing to be desired in the qualities of clearness and precision. The parties submitted numerous requests for findings of fact (the plaintiff 96, and the defendant 14), and numerous requests also for conclusions of law (39 on behalf of the plaintiff, and 15 on behalf of the defendant). These requests were all answered specifically, and the answers are

clear and unambiguous. It would be superfluous to go again over a ground that has already been so carefully traversed, for the result would only be to repeat in different language what the referee has already said so well. To the first report the plaintiff filed 88 exceptions; and to the supplemental report he has filed 90, and the defendant has filed 11. They have all been considered, but I think they need not be discussed in detail. It seems enough to say that the controversy depends almost wholly upon questions of fact, and that upon these questions I agree with the referee's findings. His first report discussed the evidence very fully, and should be read in connection with the specific findings contained in the supplemental report. In my opinion, the following conclusions are satisfactorily established:

1. The plaintiff did not make the Wanamaker sale. He did not originally discover the business or bring it to the defendant's attention; and, while he helped afterwards to conduct the negotiations to a successful conclusion, he was no more prominent or influential than were others, and his work cannot possibly be disentangled and credited with a controlling influence. No doubt, he expected to be paid something for his services, and he deserved some remuneration; but he has no legal right to the 10 per cent. for which this suit is brought.

2. Neither did he make the Bellevue-Stratford No. 3 sale; and, even if he did, he prima facie released his claim to commissions in May, 1906, and did not overcome the presumption by such proof as would nullify the apparent effect of the release.

3. And, while he did make the Nixon Amusement Company sale, he released this claim also, and did not attack successfully the apparent effect of the release. On its face, the receipt and release of May, 1906, has a plain meaning. It is in express terms a settlement of account in full of all demands, and if it stood without explanation would certainly bar the plaintiff's claims on the Bellevue-Stratford and the Nixon Company sales. But in effect it does stand alone, for the attack upon it has failed, and I do not see how its effect can be evaded. The amount stated in the voucher may not have been a precisely accurate balance, but the parties could—and they did—adjust afterwards whatever inaccuracy existed, and this subsequent adjustment did not impair the effect of the release. When a man declares in writing that he releases all claims against his debtor, his declaration means something, and it is only to be set aside for reasons that do not now appear.

The two reports of the referee are adopted as the opinion of the court. All the exceptions of both parties thereto are hereby overruled; and, in accordance with the recommendation of the learned referee, it is now ordered that the clerk enter judgment in favor of the defendant.