## G. Daniel Baldwin, Appellant, *v.* T. B. Ely.

Submitted April 13, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Russell M. Orcutt,* and with him *McGill & McGill,* for appellant.

No appearance or printed brief for appellee.

OPINION BY KELLER, J., July 13, 1934:

This is an appeal from the order of the court below refusing judgment for want of a sufficient affidavit of defense, in an action of assumpsit on a lease. Judgment should not be entered in such a case unless the plaintiff's right to it on the pleadings is clear and free from doubt. If the plaintiff's statement itself insufficiently sets out a cause of. action,—that is in substance, as over against mere defects of form, (Northern N. Y. Nurseries v. Kovach, 96 Pa. Superior Ct. 400, 404)—judgment will not be summarily entered even though the affidavit of defense might be insufficient against a cause of action sufficiently declared on: Chestnut St. Bank v. Ellis, 161 Pa. 241; 28 A. 1082; Jones v. Markley, 92 Pa. Superior Ct. 348, 351; Lederle v. Kaplan, 93 Pa. Superior Ct. 147, 151.

The plaintiff's claim is a stale one—he brought suit in 1932 for rent alleged to be due in 1916—and deserves no intendment in his favor.

He declares on a lease made by him in 1912 for ten years with T. E. Minshall, I. S. McMullen and this defendant jointly. He sets out no facts warranting a suit against this defendant alone—even though he claims only one-third of the alleged rent.

The lease contemplated its assignment by the lessees to a corporation, and provided that by such assignment the lessees should not "be thereby released from any personal obligation incurred under this lease." The lease attached to the statement shows such assignment to have been made.

Claim is made for one-third of the rent and taxes for the year 1916.

The statement does not aver that the lessees and their assignee failed to pay plaintiff the rent for the year 1916—or that they failed to pay the taxes for the year 1916 and that plaintiff was required to pay them.

It only avers that the defendant "failed and neglected to pay his proportionate part of the rent and taxes provided for in the aforesaid lease" etc., apparently on the theory that each lessee had separately obligated himself to pay one-third of the rent, instead of a joint obligation by all to pay the entire rent.

If the plaintiff was paid his rent for 1916 by the other lessees, their assignee or anybody else—and was not himself called upon to pay the taxes for 1916 —it is immaterial to plaintiff whether this defendant paid any part of it or not.

To recover from this defendant,—if he can legally sue the defendant alone on a joint obligation—plaintiff must aver and prove that he has not been paid the rent reserved under the lease for 1916 and has been obliged to pay the taxes or some of them for that year.

His statement does not so aver. It is insufficient in substance.

The order is affirmed.