## Cimprich, Appellant, *v.* Pennsylvania Railroad Company.

6

Argued April 26, 1935.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*John A. Virostek,* for appellant.

*John R. Bredin* and *Wm. B. McFall,* of *Dalzell, Mc-
Fall and Pringle,* for appellee.

OPINION BY STADTFELD, J., July 18, 1935:

Joseph Cimprich brought an action in assumpsit
against The Pennsylvania Railroad Company for bene-
fits he alleged to be due him by reason of his member-
ship in The Relief Fund of "The Pennsylvania Rail-

road Voluntary Relief Department." The plaintiff signed an application for membership, and on June 24, 1924, a certificate of membership was issued to him designating him a member of the "second class," which entitled him to benefits inter alia, for sickness or disability, at the rate of $1 per day for the first fifty-two weeks and thereafter at the rate of $.50 per day.

Plaintiff's statement averred the payment of all dues and assessments from the date of the issuance of said benefit certificate and compliance with all the rules, regulations, constitution and by-laws of the defendant; that on or about May 25, 1932, plaintiff, while employed by defendant, met with an accident and fell from which he claimed to have suffered a double hernia and other injuries and since said date has been disabled. Plaintiff claimed the amount of sick benefits set forth in said benefit certificate, being $390 for 425 days of disability.

Defendant filed an affidavit of defense in which it denied that it issued said certificate to plaintiff and averred that the same was issued by "Pennsylvania Railroad System Voluntary Relief Department" which is, as stated in its regulations, a beneficial association for the joint administration of the Relief Departments of The Pennsylvania Railroad Company, West Jersey and Seashore Railroad Company, Waynesburg & Washington Railroad Company, The Ohio River & Western Railway Company and the Philadelphia & Camden Ferry Company, each of which companies is a distinct and separate corporation from the other; averred that "Pennsylvania Railroad System Voluntary Relief Department" is not a corporation; denied that defendant has been paid any dues and assessments and averred that the same were paid to the "Pennsylvania Railroad System Voluntary Relief Department," a beneficial association; admitted that plaintiff was in its employ on May 25, 1932, but denied that he met with any accident

from which he suffered a double hernia of which defendant had due and proper notice; it averred that the plaintiff was furloughed on May 31, 1932, and on June 6, 1932 for the first time alleged that he had met with an accident on May 25, 1932; that said hernias were of long standing and not of traumatic origin and not caused by any accident of May 25, 1932; denied that plaintiff requested it to pay to him benefits and averred that such requests were made of the "Pennsylvania Railroad System Voluntary Relief Department," a beneficial association, and on information averred that in said certificate plaintiff consented and agreed to be bound by the Regulations of said association, number 64, which provides as follows: "All questions or controversies of whatsoever character arising in any manner, or between any parties or persons in connection with the Relief Department, or the operation thereof, whether as to the construction of language or meaning of the Regulations of the Relief Department, or as to any writing, decision, instruction or acts in connection therewith, shall be submitted to the determination of the Superintendent, whose decison shall be final and conclusive thereof, subject to the right of appeal to the Advisory Committee within thirty days after notice to the parties interested, of the decision. When an appeal is taken to the Advisory Committee it shall be heard by said Committee without further notice, at their next stated meeting, or at such future meeting or time as they may designate, upon evidence and argument submitted in writing, and shall be determined by vote of the majority of a quorum, or of any other number not less than a quorum of the members present at such meeting, and the decision arrived at thereon by the Advisory Committee shall be final and conclusive upon all parties without exception or appeal."

Defendant further averred that the Superintendent of said association decided the plaintiff's claim for

benefits against the plaintiff, who appealed to the Advisory Committee, which, on July 5, 1933, sustained the Superintendent's decision that the plaintiff was not entitled to any benefits, and that plaintiff is bound by said decision as provided by Regulation No. 64 referred to.

At the trial of the case before the court and a jury, plaintiff testified that he suffered a hernia on May 25, 1932, that he had paid his dues, put in evidence the "Certificate of Membership in the Relief Fund" of the "Pennsylvania Railroad System Voluntary Relief Department" and had his doctor testify to the hernia. The book of regulations of the Pennsylvania Railroad Voluntary Relief Department was put in evidence in cross-examination of plaintiff. The defendant offered no further evidence and submitted a request for binding instructions which was refused. The court submitted the case to the jury to find whether plaintiff met with some accident or injury while working for the Pennsylvania Railroad, and whether that accident or injury disabled him, and whether he remained disabled for the period of time during which he claimed benefits. The jury found for plaintiff in the sum of $440. Subsequently on a motion for judgment non obstante veredicto, the court in an opinion by LENCHER, J., entered judgment in favor of defendant, from which judgment plaintiff appealed.

While not appearing of record, it was admitted at bar at time of argument that plaintiff had exhausted all his remedies.

Laying aside for the present the question of any right of action against Pennsylvania Railroad Company, defendant, the only question before us, as stated by the lower court, is whether the plaintiff is estopped from this action in a court of record by that part of the language of regulation 64 of the unincorporated beneficial association which says "the decision arrived at thereon by the Advisory Committee shall be final and

conclusive upon all parties without exception or appeal."

Appellant contends that the Pennsylvania Railroad in operating and controlling a relief department for its employees is doing an insurance business without complying with the laws applicable to insurance companies or fraternal societies; and that the jurisdiction of the courts cannot be ousted by an agreement such as hereinbefore stated, particularly where property rights are involved.

We cannot agree either with the statement of facts or the conclusions on behalf of appellant.

According to the testimony, The Pennsylvania Railroad Company, Waynesburg and Washington Railroad Company, Ohio River and Western Railway Company, Philadelphia and Camden Ferry Company, Chicago Union Station Company, The Long Island Railroad Company and the Baltimore and Eastern Railroad Company all entered into a contract whereby the Relief Fund of each respective company should be jointly operated under the title "The Pennsylvania Railroad Voluntary Relief Department."

As stated in the Regulations "I. The object of this department is the establishment and management of a Fund to be known as the 'Relief Fund' for the payment of definite amounts to members contributing to the Fund, who under the Regulations shall be entitled thereto, when they are disabled by accident or sickness, and in the event of their death, to the relatives or other beneficiaries specified in the applications of such members."

Regulation 3. "The Relief Fund, from which the proposed benefits are to be paid, will be formed by voluntary contributions from members; appropriations, when necessary to make up any deficit, by the several companies respectively; and income or profit derived from investments of the moneys of the Funds and such

gifts or legacies as may be made to the Companies for the use of the Funds."

Regulation 4. "The associated Companies under the stipulations of the agreement between themselves hereinbefore set forth, will take general charge of the Department; guarantee the fulfillment of the obligations assumed by them respectively, in conformity with the Regulations from time to time established; supply the necessary facilities for conducting the business of the Department, and pay all the operating expenses thereof. The Company will take charge of the Funds, and be responsible for their safe-keeping."

Regulation 6 provides for the Advisory Committee, a body of thirty-eight members, which is the governing committee, and has among its other duties the judicial position of being court of last appeal from the decisions of the Superintendent relating to any controversy between any person and the Relief Department.

This Advisory Committee consists of eighteen (18) members of the Relief Fund, elected by contributing employees; seventeen (17) members of the Relief Fund, chosen by the Board of Directors to represent the associated companies; one (1) member of the Relief Fund, chosen by the Board of Directors of The Long Island Railroad Company; the Vice-President in charge of Personnel shall be ex-officio a member and chairman, and the Superintendent Secretary of the Committee.

Under Regulation 6 it is essential that the thirty-eight (38) members of the Advisory Committee must contain as a minimum thirty-six (36) members of the Relief Fund.

"The moneys received for the Relief Fund shall be held by the Company in trust for the Relief Department. The Advisory Committee shall direct the investment, and any changes therein, of money which is not required to be kept on hand for current use."

Membership in the Relief is entirely voluntary.

Regulation 64 hereinbefore referred to provides that all controversies between the Relief Department and any person shall be submitted to the Superintendent, and from his decision an appeal may be taken to the Advisory Committee whose decision is final and conclusive upon all parties without exception or appeal.

From an examination of the Regulations, it is clear that this is an unincorporated voluntary beneficial association organized by the associated railroad companies for the benefit of the members, in case of injury or sickness occurring to them, or of the beneficiaries named in the application, in case of their death, the relief fund of which is raised from monthly payments by the members who are employed by one of the associated railroads, any deficiency being made up by the companies.

As stated in 39 Corpus Juris 247 Sect. 362: "For the purpose of providing for relief or the payment of benefits in the case of accident, sickness, or death of their employees, various employers, particularly railroads, have from time to time organized or encouraged the formation among their employees of what are commonly known as relief departments or funds. Such relief departments or associations are not insurance companies in such a sense as to bring them within the operation of statutes relating to such companies, but they are more properly regarded as beneficial societies."

In Beck v. Pennsylvania Railroad Company, 63 N. J. L. 232, the court held that the transaction created a contract between the company and employee which was not against public policy nor lacking in mutuality or consideration, nor beyond the power of the company to make. The court stated at page 241: "I can perceive no reason why the establishment of such a fund and the agreement of those who contribute to it as to its distribution can be held to fall within the regulations of the insurance laws. Such an association creates its own

fund by voluntary action and distributes it by an agreed upon plan, and the contract between them is not of insurance but of beneficial relief. ...... The contract of the company with the members of the relief fund to take charge of the fund, to administer it at its own expense and to guarantee that it shall be sufficient to furnish the agreed-on relief, is also in my judgment, not one of insurance within the laws appealed to."

In Johnson v. Philadelphia & Reading Railroad, 163 Pa. 127, 29 A. 854, the court considered a relief department similar to the one in the case at bar, and at page 133 states by Mr. Justice MITCHELL: "...... and the relief association is not an insurance company but a beneficial association, Com. v. Equitable Assn., 137 Pa. 412; N. W. Masonic Assn. v. Jones, 154 Pa. 99; nor does it issue insurance policies." ...... "The benefits, by the regulations of the relief association, become due to members whenever disabled by accident in the railroad company's service, or by sickness or injury other than in the company's service, without reference to the question of negligence at all. As these provisions include benefits in cases of accident pure and simple, of injury by the negligence of fellow workmen, and by the member's own contributory negligence, it is apparent that they cover a wide field in which there is no liability of the railroad company at all. Such cases are probably a large majority of those occurring to railroad employees, and the association therefore is of the highest order of beneficial societies."

Quoting from the opinion of Mr. Justice CLARK in Commonwealth v. Equitable Beneficial Association, 137 Pa. 412, 419, 18 A. 1112, one of the leading cases on the question of distinction between an insurance company and a beneficial association: "What is known as a beneficial association, however, has a wholly different object and purpose in view. The great underlying purpose of the organization is not to indemnify or to secure against

loss; its design is to accumulate a fund from the contribution of its members, 'for beneficial or protective purposes,' to be used in their own aid or relief, in the misfortunes of sickness, injury or death. The benefits, although secured by contract, and for that reason to a limited extent assimilated to the proceeds of insurance, are not so considered. Such societies are rather of a philanthropic or benevolent character: their beneficial features may be of a narrow or restricted character; the motives of the members may be to some extent selfish, but the principle upon which they rest is founded in the considerations mentioned. These benefits, by the rule of their organization, are payable to their own unfortunate, out of funds which the members have themselves contributed for the purpose, not as an indemnity, or security against loss, but as a protective relief in case of sickness or injury, or to provide the means to a decent burial in the event of death. Such societies have no capital stock. They yield no profit, and their contracts, although beneficial and protective, altogether exclude the idea of insurance, or of indemnity, or of security against loss." To same effect is Northwestern Masonic Aid Association of Chicago v. Jones et al., 154 Pa. 99, 26 A. 253.

It is clear beyond question that The Relief Fund of The Pennsylvania Railroad Voluntary Relief Department is an unincorporated voluntary beneficial association, which is not instituted for profit, has no fixed or permanent capital, has no capital stock, has no agents, and does not issue policies in consideration of premiums paid into the treasury for the benefit of the company, whose members must be employees of the associated railroads, who voluntarily become members of the Relief Fund, and who alone can be benefited by their membership and contributions; the design of the Relief Department being to accumulate a fund from the contributions of its members for beneficial or protective

purposes to be used in their own aid or relief, in the misfortunes of sickness, injury, or death.

The question of the binding effect of the by-laws and regulations in the determination of disputes on matters pertaining to the rights of any of its members, is not an open one in this State. See Black and White Smiths' Society v. Vandyke, 2 Wharton 309; Commonwealth ex rel., Bryan, v. The Pike Beneficial Society, 8 W. & S. 247; McAlees v. Supreme Sitting, Order of the Iron Hall, 13 Atlantic 755; Appeal of Aaron Sperry, 116 Pa. 391, 9 A. 478; Myers v. Fritchman, 6 Pa. Superior Ct. 580; Myers v. Alta Friendly Society, 29 Pa. Superior Ct. 492.

As stated in Sanderson v. Brotherhood of Railroad Trainmen, 204 Pa. 182, 183, 53 A. 767: "In accepting the certificate the plaintiff agreed, with the other members of the beneficial order, that he would submit this question to the tribunal so constituted. It was a tribunal of his own choice. It was doubtless provided for the express purpose of preventing litigation and thereby to prevent the funds of the order from being taken and used in defending suits. It is to the interest of every member of the order that this regulation should be enforced. In our opinion the decision of such tribunal is conclusive upon the plaintiff and the merits of the decision of such tribunal cannot be inquired into collaterally, either by action at law or any other mode."

Among the latest utterances of the Supreme Court on this question is the case of Maloney v. U. M. W. A., 308 Pa. 251, 256, 162 A. 225, wherein the general rule is stated as follows: "When the officers of an association such as this in good faith and in a reasonable, proper and legal manner, under their by-laws and constitution, exercise their duties as a tribunal to settle disputes on matters pertaining to the association or to the rights of any of its members, such exercise cannot be questioned collaterally; the courts may judge whether the exercise

is arbitrary and review the form of proceedings to see whether the tribunal has acted within its jurisdiction and in the line of order, but cannot review the case on its merits. Courts entertain jurisdiction to keep these tribunals within their own laws and to correct abuses, so as to preserve, on the one hand, the rights of the association, and, on the other, those of the members, but they do not inquire into the merits in a regular course of proceeding."

The relations of plaintiff and his rights to benefits arise only from his membership in the Relief Fund. He has no right of action thereon against the Pennsylvania Railroad defendant. On the merits of his claim against the Pennsylvania Railroad Voluntary Relief Department, he is concluded by the decision of the Advisory Committee, which cannot be inquired into collaterally, in the absence of fraud or irregularity.

The assignment of error is overruled and the judgment of the lower court affirmed.