(Opinion of court below):
"* * * Is the defendant carrying on a kind of business which is provided for and regulated by the act * * *? * * * If it is making contracts of accident insurance * * * it needs the authority of a charter under the insurance statutes; * * *
"* * * In some respects it is like, and in other respects unlike, a contract of accident insurance. It is not insurance to agree to clean the bicycle * * *: nor to agree to provide a bicycle for his use during eight weeks if his own is stolen * * *. The agreement to repair in case of accident * * * and to replace when a total loss occurs by *Page 546 
accident or by theft, may readily fall within the general language of many accepted definitions of insurance * * *.
"There is, however, one prevailing feature of insurance policies, as they exist in practice, which these abstract definitions (May § 1; Phillips § 1; 11 Am. Eng. Encycl. L.280; Commonwealth v. Equitable Beneficial Association, 137 Pa. 419) do not express. It appears in * * * Smith Com. Law *299, defining insurance to be `a contract by which a person, in consideration of a gross sum or of a periodical payment undertakes to pay a larger sum on the happening of a particular event.' A similar idea is thus stated in Smith Cont. 248:
`Insurance * * * is a contract by which, in consideration of a premium, one or more person or persons assure another person or persons in a certain amount against the happening of a particular event.' This is the form in which policies are almost universally cast. The amount stated is usually intended as the limit of the insurer's risk, but it also makes prominent the fact that the primary undertaking is to pay money, and not to replace or repair the object injured or destroyed * * *.
"While, therefore, as an abstract proposition, an insurance company might issue a policy agreeing to repair or replace, and specifying no sum whatever, either as a maximum or as a sum definitely agreed upon beforehand, it does not follow that every corporation which agrees to repair or replace, without fixing a limit in money to its obligation, is doing the business of insurance as it is ordinarily regarded and is carried on in practice. The Insurance act of 1876 certainly does not regard that kind of agreement as necessarily a contract of insurance, for its provisions do not permit the incorporation of companies for this purpose. * * * Accordingly, it must be held, of necessity, that the defendant is not obliged to have a charter which it cannot obtain.
"* * * we think that the absence of an agreement to pay money establishes a difference between this undertaking and the contract of insurance as it is known in practice * * *. Moreover, this agreement differs in other respects from the usual policy of insurance. The defendant makes the same contract with each member. It does not grade its *Page 547 
risks. It receives the same sum from each person, although it undertakes to perform services which may vary widely in value among the members served. One bicycle may require no repairs during the year, while another may need to be repaired every month * * * for the same sum the defendant will replace a wheel worth $100 and a wheel worth only half that sum."