West, Appellant, *v.* Pennsylvania
Railroad Company.

Argued October 7, 1937.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*H. M. Tuthill,* with him *Swirles L. Himes,* for appellant.

*C. Jewett Henry* and *John D. Dorris,* for appellee, were not heard.

OPINION BY MR. JUSTICE LINN, November 12, 1937:

Plaintiff, employed by the defendant, the Pennsylvania Railroad Company, was injured and for a time received benefits from a Relief Fund under the general administration of what, in Exhibit No. 1, is designated as The Pennsylvania Railroad Voluntary Relief Department. He avers that he received "relief benefits due up to May 11, 1932" but none thereafter, and seeks to recover them from the railroad company in this action of assumpsit.[1]

Defendant, desiring to challenge the legal sufficiency of the statement of claim, filed what it entitled "Affidavit of Defense" purporting to set forth "in compliance with Section 20" of the Practice Act, certain reasons why the statement was insufficient. After hearing, judgment for defendant was entered. Plaintiff has appealed.

Appellant's first point is that the so-called Affidavit of Defense is ineffective because it was not sworn to, and

---

[1] While unimportant in disposing of this appeal, it may be noted that in one of plaintiff's exhibits, showing the amount claimed to be due for relief payments, he adds $500 for hospital and doctors' services, without averring how a liability in that sum arose.

therefore was not an affidavit of defense. Certainly the pleading, unverified by oath, did not comply with the statute which requires an affidavit.[2] The plaintiff did not move to strike off the pleading for want of conformity with the statute, nor did he ask for judgment for want of a sufficient affidavit. Defendant's pleading was defective as plaintiff now points out, but the defect does not help him. It is settled that judgment will not be entered in favor of a plaintiff for want of a sufficient affidavit of defense, if, in his statement of claim, he has not averred a good cause of action: *Parry v. Bank*, 270 Pa. 556, 113 A. 847; *Baldwin v. Ely*, 113 Pa. Super. Ct. 233, 173 A. 696. As we all agree that the statement of claim is insufficient in law, plaintiff can take nothing by his appeal.

The statement of claim contains many exhibits bearing on plaintiff's relationship to the Relief Fund and the obligations of the railroad companies associated, as the statement shows, in the administration of The Pennsylvania Railroad Voluntary Relief Department. It is unnecessary to quote these; some of them may be seen in a recent opinion of the Superior Court *(Cimprich v. Pennsylvania Railroad Co.,* 119 Pa. Super. Ct. 5, 180 A. 51 [1935] ), dealing with membership in the same association. On his application, plaintiff received a "Certificate of Membership in the Relief Fund" and agreed "to be bound by the Regulations of the Relief Department of the" defendant. He then, with others, became a member of an unincorporated beneficial association: *Johnson v. P. & R. R. R. Co.,* 163 Pa. 127, 29 A. 854; *Com. v. Equitable Beneficial Assn.,* 137 Pa. 412, 18 A. 1112; *Cimprich v. Penna. R. R. Co.,* 119 Pa. Super. Ct. 5, 180 A. 51.

---

[2] The defendant is not within the exceptions created by the amendment of May 3, 1917, P. L. 149, 12 PS section 411, to section 12 of the Practice Act.

The statement of claim shows that the employer assumed certain obligations but the plaintiff has averred no breach of any obligation assumed by defendant. It agreed to make up any deficit in the contributions to the Relief Fund and agreed to take general charge of the Department and guaranteed the fulfillment of the obligations assumed by it in conformity with the regulations. It agreed to supply the necessary facilities for conducting the business of the department, to pay the operating expenses, to take charge of the funds and to be responsible for their safe-keeping. No facts are averred which establish an unsatisfied default of the beneficial association and consequent failure by the defendant to comply with its guaranty; there is nothing to show a breach of trust in the safe-keeping of the funds of the Department, or other omission to do what defendant had agreed to do.

The learned court below was of opinion that plaintiff's statement disclosed that, in seeking redress, he had failed to comply with regulations of the Relief Fund, and that he had failed to appeal to the Advisory Committee from the conclusion of the Superintendent of the Relief Department excluding him from the receipt of further benefits. The regulations quoted in Exhibit No. 32 made provision for such appeal. If plaintiff has not exhausted the remedy provided by the regulations which he agreed to accept as final, he is barred from further proceeding: *Maloney v. U. M. W. A.,* 308 Pa. 251, 162 A. 225; *Cimprich v. Penna. R. R. Co.,* 119 Pa. Super. Ct. 5, 180 A. 51. He appears to concede the effect of failure to appeal to the committee, but contends that his statement of claim should not be interpreted, in this respect, as the learned court below construed it; he argues that while he averred that the Superintendent had informed him by letter that his "case was properly terminated under Regulation 45," he added an averment that the Superintendent, in the same letter, "suggested

that the plaintiff call at his office for further examination." He contends that the Superintendent's suggestion for further examination continued his relationship to the Relief Fund; that while, in the words of the statement, he "was physically unable to call at the said Superintendent's Office, or to do anything further in regard to procuring the benefits he was entitled to receive" until in the spring of 1933, he then "again attempted to have his case considered by the defendant's Relief Department"; that he learned for the first time on May 31, 1933, that he would receive no further benefits, whereupon, on June 9th, he appealed to the Advisory Committee, but that no hearing was ever held. Without now saying that the construction put upon the averment by the learned court below was erroneous, assuming the averment to be relevant, it is obvious that until the plaintiff brings his proceeding against the unincorporated beneficial association (see Act of 1836, P. L. 784, sec. 13, cl. V, 17 PS section 281[3]; *Maisch v. Order of Americus*, 223 Pa. 199, 72 A. 528; *Fletcher v. Gawanese Tribe*, 9 Pa. Super. Ct. 393; *Grant v. Carpenters' District Council*, 322 Pa. 62, 185 A. 273) of which he was a member and in that proceeding establishes an unsatisfied default, he is not in position to assert a right under defendant's guaranty.

Judgment affirmed.

---

[3] "Section 13. The Supreme court, and the several courts of Common Pleas, shall have the jurisdiction and powers of a court of Chancery, so far as relates to— . . . V. The supervision and control of all corporations other than those of a municipal character, and unincorporated societies or associations, and partnerships."