## Beckman, Secretary of Banking, v. Bierstein

*Cletus Kilker*, for plaintiff.
*W. J. Krencewicz*, for defendant.

PAUL, J., September 12, 1938.—Plaintiff filed an action in assumpsit against defendant whose attorney filed an answer called "Statutory Demurrer Under Section 20 of the Practice Act of 1915". The suit is brought by plaintiff as Secretary of Banking of the Commonwealth of Pennsylvania and also as receiver of the Shenandoah Trust Co., Shenandoah, Pa. The suit is based on a promissory note made, executed, and delivered by Joseph L.

Ruth to the order of P. W. Bierstein (defendant) and S. J. Mockaitis, both of whom endorsed and delivered the note to the Shenandoah Trust Co., now under control of the Secretary of Banking of the Commonwealth of Pennsylvania. Upon the closing of the Shenandoah Trust Co., the aforesaid note became an asset in the hands of the receiver who attempted to collect it first from the maker, Joseph L. Ruth, and then from defendant, P. W. Bierstein. The note, besides containing a promise to pay three months after date, also contained an immediate confession of judgment. The payees, P. W. Bierstein (defendant) and S. J. Mockaitis, endorsed the note to the Shenandoah Trust Co. Prior to the endorsement is the following:

"For value received we hereby guarantee the payment of the within note and any renewal of same, and hereby waive protest, demand and notice of non-payment thereof."

The suit is brought on the endorsement. After argument and after briefs were filed, the attorney for plaintiff, in a letter, drew the court's attention to the fact that defendant's affidavit raising questions of law under section 20 of the Practice Act of May 14, 1915, P. L. 483, was only signed by the attorney for defendant and was not sworn to. Defendant filed a supplemental brief in which he contended that it was not necessary to attach an affidavit to an affidavit of defense raising questions of law.

The right of defendant to file an affidavit of defense raising questions of law is found in section 20 of the Practice Act, supra, wherein it is provided:

"The defendant *in the affidavit of defense* may raise any question of law, without answering the averments of fact in the statement of claim". (Italics supplied.)

Further reference to the affidavit of defense is found in section 12 of the Practice Act as follows:

"The defendant shall file *an affidavit of defense* to the statement of claim within fifteen days from the day when

the statement was served upon him. The affidavit of defense shall be as brief as the nature of the case will admit. *It shall be sworn to* by the defendant, or some person having knowledge of the facts." (Italics supplied.)

In other words, upon a statement of claim being served upon defendant, he may, under section 12, file an affidavit of defense to the facts or, under section 20, "The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim". The affidavit of defense referred to in section 20 is also the affidavit of defense referred to in section 12 except that in section 20 the affidavit of defense is qualified. Section 12 requires that the affidavit of defense be sworn to. See West v. Pennsylvania R. R. Co., 328 Pa. 156, at page 158, where the court held, where a similar question was raised, that "Certainly the pleading, unverified by oath, did not comply with the statute which requires an affidavit". In this case the affidavit of defense was not sworn to. That is an objection to the form of the pleading. Section 21 of the Practice Act provides:

"The court upon motion may strike from the record a pleading which does not conform to the provisions of this act".

It does not read that the court may strike from the record a pleading that does not conform to the provisions of this act, but it reads that the court *upon motion.* . . . The plaintiff filed no motion of any kind; therefore, the court may not strike the pleading from the record, especially where plaintiff's statement is not in proper form. See West v. Pennsylvania R. R. Co., supra.

Defendant, in his affidavit of defense, raises one general objection as follows:

"No facts are set forth which entitle the plaintiff to the sums of money claimed in the statement of claim, or which entitle the plaintiff to recover any sum whatever."

To make a general objection of this character is not the best practice. Defendant should be specific. In his

brief he does itemize his objections under the general objection. Several are without merit but there is one point raised that is worthy of consideration and that alone need be discussed. It will be noted that the promissory note signed by Joseph L. Ruth to the order of P. W. Bierstein and S. J. Mockaitis was payable three months after date, but it contained an immediate confession of judgment. In the Act of May 16, 1901, P. L. 194, sec. 5 (2), it is provided that the negotiable character of an instrument otherwise negotiable is not affected by a provision which authorizes a confession of judgment if the instrument be not paid at maturity. In this case, Joseph L. Ruth did not sign a note in which judgment was confessed if the note was not paid at maturity, but he signed an immediate confession of judgment although the promissory note was not payable until three months after date. That renders the note nonnegotiable.

"A note which authorizes a confession of judgment before maturity is a non-negotiable instrument under Section 5 of the Act of May 16, 1901, P. L. 194": Gimbel Brothers, Inc., v. Hand, 101 Pa. Superior Ct. 212; Standard Furnace Co., Inc., v. Roth, 102 Pa. Superior Ct. 341.

This suit is, therefore, against P. W. Bierstein on a nonnegotiable note. An examination shows that the note was not only endorsed by P. W. Bierstein but also by S. J. Mockaitis and that the words prior to their endorsement are as follows:

"For value received we hereby guarantee the payment of the within note and any renewal of same, and hereby waive protest, demand and notice of non-payment thereof." The endorsers were liable jointly, not severally.

"Where two persons sign a promissory note under the wording 'we hereby promise to pay,' they are liable jointly and not jointly and severally, and they must be proceeded against jointly": Dahlstrom v. Taylor, 7 D. & C. 604.

Therefore, since the liability of the endorsers was joint, it was not proper to bring the suit against P. W.

Bierstein alone but the suit should also have been brought against S. J. Mockaitis.

And now, September 12, 1938, the affidavit of defense raising questions of law is sustained without prejudice.