## Mamlin v. Genoe et al.

*Esther G. Brandschain*, for plaintiff.

*Samuel Feldman* and *Joseph Sharfsin*, for garnishees.

PER CURIAM, December 13, 1938.—We are considering plaintiff's rule for judgment against garnishee upon answers filed by the garnishee to interrogatories appearing in the record.

Plaintiff has a judgment against defendant for $97.62. Defendant is one of four named beneficiaries of her father, who was a member of the garnishee association.

The father died and thus the beneficiaries became entitled to $2,000. Defendant's share of that amount exceeds plaintiff's judgment, interest, and costs.

The City of Philadelphia Police Beneficiary Association, garnishee, is a first-class corporation incorporated under the Act of April 29, 1874, P. L. 73, by the Court of Common Pleas of Philadelphia County. Membership is restricted to male persons connected with the Bureau of Police, the Electrical Bureau, and the clerical force in the mayor's office of the City of Philadelphia. The purpose of the association is to provide a fund to be paid the named beneficiaries of its members upon the death of the members. It has no charitable or fraternal purposes; no ritual or initiatory rites are performed upon entrance to membership or thereafter. An entrance fee of 25 cents is required and dues are $3.75 per month. Upon the death of a member $2,000 is ordered by the by-laws to be paid as soon as possible to the beneficiary or beneficiaries named in the deceased member's certificate of membership. The association is not a part or auxiliary of the municipal government of the City of Philadelphia.

The garnishee association claims that its benefits are exempt from attachment by virtue of the provisions of the Act of May 20, 1921, P. L. 916, sec. 11, 40 PS §1022. With this contention we do not agree.

The Act of 1921, supra, in section 1 thereof, defines a fraternal benefit society as one having a lodge system with ritualistic form of work and a representative form of government. Section 11 of the Act of 1921, supra, declares a fraternal benefit society, as defined in the act, to be a charitable and benevolent institution, and provides further that:

"No money or other benefit, charity, relief, or aid, to be paid, provided, or rendered by any such society, shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary or any other per-

sons who may have a right thereunder, either before or after payment."

By its wording, section 11 of the Act of 1921 is specifically limited in its application to fraternal benefit societies and does not, therefore, include the garnishee defendant.

That the foregoing is a proper construction of the Act of 1921 is clear from the case of Commonwealth ex rel. v. Ministers Protective Society, 294 Pa. 6 (not referred to in either brief). Membership in the Ministers Protective Society was restricted to any clergyman or other Christian worker who could become a member of the society upon the payment of the membership fee of $3. The society maintained funds from dues collected from the members to be used for beneficial and protective purposes in case of the disability of any of them. The Supreme Court, in discussing the nature of the association, said at page 10:

"We agree with the court below that defendant is neither an insurance company nor a fraternal association, but must be classified as a beneficial society (see definitions, in Com. v. Equitable Ben. Society, 137 Pa. 412, 419, 420, of insurance companies and beneficial societies, and in section 1 of Act of May 20, 1921, P. L. 916, of fraternal benefit associations or societies) subject to the supervision of the insurance commissioner, under section 29 of the Act of May 20, 1921, P. L. 916; and that section 502 of the Act of May 17, 1921, supra, under which these proceedings were brought, applies so far as the remedy is concerned."

Comonwealth ex rel. v. Ministers Protective Society, supra, leaves it clear that the garnishee association in this case is not a fraternal association, and its funds are therefore not exempt from attachment by virtue of the provisions of section 11 of the Act of 1921 above quoted.

The rule, therefore, is made absolute and judgment entered against the garnishee for the amount of plaintiff's judgment, interest, and costs.