## Ludwig v. Teamsters Local Union No. 110

*Samuel R. DiFrancesco*, for plaintiff.

*Harold Kaminsky*, for defendant.

McDONALD, J., May 11, 1968.—This matter is before the court on defendant's motion for judgment on the pleadings.

The complaint avers Henry F. Maser, who died April 18, 1967, was at the time of his death a dues-paying member of defendant union; and his named beneficiary, plaintiff, is entitled to payment of a death benefit in the amount of $1,000 under defendant's bylaws. In its answer and new matter, defendant denies decedent was in good standing with the death benefit fund at the time of his death; that his dues were delinquent on March 31, 1967, under the terms of paragraph 30 of the bylaws; that payment to reinstate his membership was made April 6, 1967, but having failed to live 30 days thereafter, his beneficiary is not entitled to payment.

Without denying the date of payment, plaintiff replied to new matter by averring defendant had accepted payment and, therefore, at the time of his death he was a member in good standing. In her brief she urges also that a schedule of payments (which is thereto attached) for approximately 2 years indicates defendant had accepted payments after the due date on 17 occasions and, therefore, by "its past practice and procedure", waived the requirement of current payments. This was not pleaded in reply to new matter, and the pleadings have been closed. However, to achieve the liberality of the purpose of pleadings, an amendment to the reply would be allowed if it had merit. We conclude, however, even if it were allowed, the outcome would be the same.

The issue here is governed by the language of paragraph 30 of defendant's bylaws, which is as follows:

"Each member to remain in good standing must pay all dues, fines, and/or assessments on or before the last business day of each month. In case a member goes in arrears, which means past the last day of any month for dues, fines, and/or assessments, the named beneficiary will not receive the Death Benefit payment unless the member, after being in arrears, is living

thirty (30) days after the date that all dues, fines and/or assessments have been paid, as prescribed by law. The date on which dues are paid will govern whether or not the member was in good standing at the time of death. This death benefit plan fund is compulsory and shall operate in conjunction with the By-Laws and regulations of the Local Union. This death benefit fund shall not be considered an insurance".

The bylaws of an association are the contract of association among the members and define their rights and duties: Gordon v. Tomei, 144 Pa. Superior Ct. 449.

The language of paragraph 30 is clear, unambiguous and unequivocal. A member, to be in good standing, must make payment of his dues "on or before the last business day of each month". In event he is in arrears, the benefit may be reinstated by a payment beyond that date, but he is not in beneficial standing unless he survives the reinstatement by 30 days.

We find from the pleadings plaintiff-decedent was delinquent as of March 31, 1967. His payment on April 6, 1967, set in motion the procedure to make him beneficial provided he survived the payment by 30 days. Unfortunately, he died 12 days later. No exception to this bylaw has been pleaded. Payment of dues and membership in defendant union was an acceptance of the bylaws as they stand, and they are binding upon him as well as the custodians of the fund: Brown v. Lehman, 141 Pa. Superior Ct. 467; Gordon v. Tomei, supra.

Plaintiff contends the acceptance of late payments on 17 occasions from February, 1965, until April, 1967, establishes a practice which in effect waives the mandate of paragraph 30, requiring a member to live 30 days after reinstatement. As indicated above, this is not pleaded, but we consider it to be without merit since the bylaws are clear and explicit that the means

of again establishing good standing is by making the required payment and surviving it by 30 days. Those charged with supervision of the fund cannot waive or alter the clear intent of the wording of the bylaws, but may in accordance therewith, allow reinstatement provided the conditions are met. A course of conduct indulged in by the officer charged with collecting dues will not amend or create an exception to the bylaws. This may only be done by the membership in accordance with the amendatory provisions.

Plaintiff argues the Insurance Company Law of May 17, 1921, P. L. 682, art. IV, sec. 410, as amended, 40 PS §510a, requires that all insurance companies must provide a 30-day grace period for payment of premiums after due date. There is no doubt this is a requirement in all life insurance policies in this Commonwealth. Plaintiff, however, has not directed our attention to any such provision in the bylaws of defendant union. On the contrary, paragraph 30 of the bylaws states, "This death benefit fund shall not be considered an insurance". Since the bylaws are the contract between decedent and defendant, it is clear this was not a life insurance policy, or intended as such, and therefore compliance with section 510 (b) of the Insurance Company Law of 1921 is not required: Reid v. Sovereign Camp of Woodmen of World, 340 Pa. 400; Commonwealth v. Equitable Beneficial Association, 137 Pa. 412.

We are satisfied under the facts here pleaded and in evidence, the clear and unambiguous language of paragraph 30 of defendant's bylaws precludes recovery of the death benefit.

## ORDER

And now, May 11, 1968, after argument and upon consideration of the briefs, defendant's motion for judgment is granted and the complaint is dismissed.