## BRENNAN et al. v. McCOY et al.
### Civ. A. No. 15–M.

District Court, N. D. West Virginia.

Sept. 26, 1940.

J. O. Henson, and Stephen Ailes, both of Martinsburg, W. Va., for plaintiffs.

Cary C. Hines and G. C. Belknap, both of Sutton, W. Va., for Emory McCoy, Burton H. Griffin and Martin A. Henderson.

John J. Cornwell, of Baltimore, Md., and Harry H. Byrer, of Martinsburg, W. Va., for Baltimore & O. R. Co., Relief Dept. of

Baltimore & O. R. Co., and William M. Kennedy.

BAKER, District Judge.

Prior to the year 1890, there was organized an unincorporated association made up of employees of the Baltimore and Ohio Railroad Company, and known as "The Relief Department of The Baltimore and Ohio Railroad Company." In brief, the general plan of operation of the Relief Department was that employees of the railroad would contribute certain specified payments thereto, and that in return the Relief Department would pay them certain specified benefits if they became disabled by either sickness or accident, or certain payments, payable to designated beneficiaries, at the member's death. In short, employees of the railroad company got together and organized a private insurance company. The railroad company acted as Trustee for the funds of the association and bore the expense of all the costs of the operation of the association. All benefit payments, whether for sickness or accident, or for death, were made from the fund contributed by the members of the Association; that is, the railroad company bore the cost of medical examinations, both those had upon a given employee's application for membership in the Department, and those had to determine eligibility to receive benefits, and the expenses of conducting the offices of the association. All the money contributed by the members as payments into the Association was used in paying benefits and maintaining a proper reserve.

The employees of the railroad, at the time they applied for membership in the Relief Department, were required to sign an application wherein they agreed to be bound by the regulations of the Department then in force, or any amendments thereafter adopted. At all times, which have any bearing to the decisions in this case, these regulations contained provisions whereby a member, who was drawing benefits for sickness or accident, was pensioned, the sickness and accident benefits stopped as soon as the pension became operative. In other words, no member was permitted to draw sickness and accident benefits and a pension at the same time.

Prior to the time the various Railroad Retirement Acts, the first of which was passed in 1934, 45 U.S.C.A. §§ 201–214, went into effect, the Baltimore and Ohio Railroad Company had had its own pension system, under which an employee, reaching a certain age and with certain years of service, was entitled to retire upon a pension. After the passage of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228a et seq., the railroad company ceased the payment of these pensions and the administration of the pensions was assumed by the Federal Government. Owing to the necessity of the Government setting up a more or less elaborate machine to administer these pensions, in the early days of the operation of the Retirement Act it was usually eight months to a year and one-half between the time a given railroad employee would make application for a pension and the time he would actually begin to receive payments under the pension. Under the regulations of the Relief Department, the application for the pension automatically cut off any sickness or accident benefits that the employee member might be drawing from the Department. This resulted in a situation in which certain employees of the railroad, who were disabled, found their sickness and accident benefits terminated a long time before their pension payments would start. It became apparent to all that a situation would develop in which the sick or injured employees of the railroad, who had reached retirement age, would be in precarious financial circumstances, if not actually destitute. To meet this situation the Relief Department agreed with these employees that it would continue to advance them, as a loan, money equivalent to the benefits they had been receiving, upon the written agreement that the employee member would repay this loan as soon as he began to receive his pension money from the Government set-up. Of course, when the payments of the pension began, they dated back to the date of application therefor, so that the employee would be in a position to repay his loan from his first pension check without working hardship upon himself.

Some 1918 employees of the railroad availed themselves of the opportunity to procure such advances, and practically all of them repaid the advances as soon as their pension payments began.

Some of these former railroad employees, however, after making this repayment, conceived the idea that it had not been just of the Relief Department to require them to refund the advances they had received, and began to threaten the Department with

litigation to compel it to refund to them the advances they had returned to the Department, and to continue to pay them their sick and accident benefits, even though they were drawing a pension under the Railroad Retirement Act.

The defendants, Emory McCoy, Burton H. Griffin, and Martin A. Henderson, are included in this group. They are all residents of the State of West Virginia. The plaintiffs are all residents of the State of Pennsylvania, and are all members of the Relief Department who have certificates entitling them to certain benefits therein, and who claim an interest in maintaining the solvency of the Relief Department. The Baltimore and Ohio Railroad Company is joined as a defendant because it is Trustee of the funds of the Relief Department. The Relief Department itself and William M. Kennedy, its Superintendent, are joined as defendants.

The plaintiffs ask, in brief, that the defendants, McCoy, Griffin and Henderson, and all other persons similarly situate, be enjoined from attempting to collect the advancements repaid by them to the Relief Department, or from attempting to collect further payments under sick and accident benefits, and that the Relief Department and Kennedy, its Superintendent, be enjoined from paying to these defendants, or to any other persons similarly situate, such moneys.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. That the amount involved in this action exceeds the sum of $3,000, exclusive of interest and costs.

2. That the plaintiffs, Samuel W. Brennan, Bernard Zell Holverstott, George B. Stombaugh, Jr., John Gross and Frank J. Hicks, are members in good standing in the Relief Department of the Baltimore and Ohio Railroad Company, an unincorporated association.

3. That the defendants, Emory McCoy, Burton H. Griffin and Martin A. Henderson, were likewise for many years members of the Relief Department of the Baltimore and Ohio Railroad Company, and that each of the defendants received for an extended period relief benefits from the Relief Department of the Baltimore and Ohio Railroad Company, and that each of them are now receiving annuities under the Railroad Retirement Act of 1937.

4. That the Relief Department of the Baltimore and Ohio Railroad Company was formed prior to 1890 by employees of the Baltimore and Ohio Railroad Company with the two-fold purpose; of providing death benefits for the designated beneficiaries after the death of the employee members, and providing accident and sick benefits under conditions provided in the Regulations when by reason of accident or illness the employee member was not able to continue to work for the Company, and that the contributions made by each employee, who was a member, were designed to raise sufficient funds to cover such payments.

5. That prior to the formation of the Relief Department, the Baltimore and Ohio Railroad Company had provided a system of pensions for its employees who had attained a certain specified age, and had had the required number of years service, which payments were made from funds of the Railroad Company to which the employees made no contribution, and that upon the establishment of the Relief Department of the Baltimore and Ohio Railroad Company, it was provided that all relief payments for accident and sick benefits should cease upon the payment of a pension by the Railroad Company, and the rates for contributions by the members of the Relief Department, as fixed in the Regulations, were based in part upon this fact.

6. That the Relief Department is governed by certain regulations fixing the rights and liabilities of the various members, a copy of which is exhibited with the bill of complaint herein, and that at all times these regulations have provided for the amendment of the same from time to time in the manner therein specified, and in all applications and certificates of members, it is specifically stipulated that the member is bound by all existing regulations and all amendments made to such regulations.

7. That the Baltimore and Ohio Railroad Company is the custodian of and the trustee for the handling of the funds for the Relief Department, and that it voluntarily bears the expense of the operation of such department, but accident, sick and death benefits are paid solely from the funds of the department.

8. That at the time the plaintiffs, defendants, and all members of the class represented by the defendants applied for membership in the Relief Department,

Regulation 57 provided: "All rights to receive benefits shall cease from the date a member ceases to be employed in the service, either temporarily or permanently or upon voluntary withdrawal from membership, except in cases provided for in Regulations 19 and 21." And that Section 21 of the said Regulations provides that whenever a member ceases to be employed in the service, either temporarily or permanently, his membership immediately terminates, and thereafter all further benefits cease, except that such member may apply for a continuation of his natural death benefits, and that Regulation 19 has no application to the matters in controversy herein.

9. That effective December 18, 1935, Regulation 48 and Regulation 57 were amended specifically, among other things, to provide for the discontinuance of benefits to any employee who might receive the benefit of any old age pension or retirement law passed by the Federal Government, to which the Company may be required to contribute, either directly or indirectly, by payment, taxation or otherwise.

10. That the defendants, Emory McCoy, Burton H. Griffin and Martin A. Henderson, each have ceased to be employees of the Baltimore and Ohio Railroad Company, and that they and each of them are receiving annuities as provided under the Railroad Retirement Act of 1937.

11. That the defendants, Burton H. Griffin and Martin A. Henderson, were loaned by the Relief Department an amount equal to the benefits they received from the effective date of the annuity under the Railroad Retirement Act until the beginning of payment of said annuity, and the defendant McCoy received a payment of $1.25, and payment of the same to each of them was upon the conditions that they would return these amounts from payments received under the Railroad Retirement Act, and that it was agreed that "under the terms of the regulations of the Relief Department, he (the member) is not entitled to receive Relief Department disability benefit payments after the date from which annuity payments by the Railroad Retirement Board are calculated", and that each of the three defendants repaid said loans, but each now claims the right to recover them back, and claims additional and continuing relief benefits notwithstanding their receipt of their annuities under the Railroad Retirement Act, and that they and each of them have threatened to sue to recover from the Relief Department such loans and additional benefits.

12. That the plaintiffs herein, who bring this suit on behalf of themselves and all other members of the Relief Department similarly situated, fairly represent the class of members contending that relief benefits cease upon the grant of an annuity under the Railroad Retirement Act, and that the defendants, Emory McCoy, Burton H. Griffin and Martin A. Henderson, fairly represent that class of members who claim, or could claim, that such benefits from the Relief Department do not cease upon the grant of annuities under the Railroad Retirement Act, and that this is a class suit with each class fairly represented by the parties to this suit.

13. That the Baltimore and Ohio Railroad Company, under the Carriers Taxing Act, 45 U.S.C.A. § 261 et seq., contributes by taxation to the payment of annuities under the Railroad Retirement Act.

14. That there is danger of a great multiplicity of suits, not only on the part of these defendants, but on the part of others who might attempt to assert the same sort of claims as well as others, who have instituted such suits or threaten so to do.

15. That the repayment to all of the persons of the same class of the loans made them, as claimed to be due by the three defendants, McCoy, Griffin and Henderson, would require the refund of approximately $450,000, and that if this class, consisting of approximately 1,918 members, were paid continual benefits up to September 24, 1940, would require payment of over $1,300,000, and thereafter the annual payment of approximately $600,000 additional, and that such payments would quickly deplete all reserves, and would necessitate either a very substantial increase in rates, a very substantial reduction in benefits or both such increase and reduction, or liquidation of the Relief Department.

16. That the outstanding certificates for death benefits of the Relief Department amount to approximately $58,000,000; that the entire reserve of the Relief Department, for both death benefits and accident and sick benefits, amounts to approximately $1,975,000, and that considering the potential liability on the death certificates, the said reserves are not in any way excessive.

## Conclusions of Law.

1. That the amendments to the Regulations, set forth in Regulations 48 and 57,

are reasonable amendments considering the nature and purpose of the membership contracts, and considered in the light of the objects of the Relief Association, and that they do not vary or change the general plan of the Relief Department in effect since its inception.

2. That under the Regulations of the Relief Department, and the evidence taken before the Court, neither of the defendants, McCoy, Griffin or Henderson, nor any person in the same class, is entitled to recover any benefit payment from the Relief Department accruing after the effective date from which his grant of annuity began under the Railroad Retirement Act, nor the recovery of any repayments made of loans by the Department while their application for annuities were pending, and after the date they became effective.

3. Regulations of the Relief Department in effect at the time the defendants McCoy, Griffin and Henderson made application for membership therein, and Regulations operative during all the period of such membership, prior to the amendment of Regulations 48 and 57, as well as subsequent thereto, limited their right, as well as the right of all other members, to receive relief benefits after being granted annuities or pensions, and the right of the Association to continue such limitation was not and is not destroyed or impaired by the provisions of the Railroad Retirement Act.

4. The defendants, McCoy, Griffin and Henderson, upon acquiring membership in the Department, and all other employees of the Baltimore and Ohio Railroad Company acquiring such membership, became and are bound by all Regulations in effect at the time of acquiring membership and by all amendments to such Regulations thereafter made, including Regulations 48 and 57 as amended, by the express terms of the provisions of the applications for membership made by them, and thereby entered into a contract to be so bound, which contract continues in operation, regardless of any provisions of the Railroad Retirement Act.

The form, prescribed for application for membership in the Relief Department, is as follows:

"I, ———, of ———, in the County of ———, and State of ———, an employee in the service of The Baltimore and Ohio Railroad Company, as ——— ——— in the ——— Department, ——— Division, do hereby apply for membership in the Relief Feature of the Relief Department, and consent and agree to be bound by all the Regulations of the Relief Department now in force, and by any other Regulations of said Department hereafter adopted, applicable to the Relief Feature; for which Regulations now in force, reference is hereby had to any copy of the last edition of the Book of Regulations of said Department, issued by the Superintendent; and I hereby acknowledge receipt from the Medical Examiner of a book containing the last edition of said Regulations.

\*　　\*　　\*　　\*　　\*　　\*　　\*

"I further agree that this application, when accepted by the Superintendent, shall constitute a contract between myself and the said Company, governed in its construction and effect by the laws of the State of Maryland.

\*　　\*　　\*　　\*　　\*　　\*　　\*

"I understand and agree that this application, when accepted by the Superintendent, shall constitute a contract between me and the said Company, by which my rights as a member of the Relief Feature shall be determined as to all matters within its scope; that each of the statements herein contained and each of my answers to the questions asked by the Medical Examiner and hereto annexed, shall constitute a warranty by me, the truth whereof shall be a condition of payment of the benefits aforesaid.

\*　　\*　　\*　　\*　　\*　　\*　　\* "

5. The Relief Department of the Baltimore and Ohio Railroad Company is a voluntary unincorporated association with its principal office in Baltimore, Maryland.

6. The plaintiffs are entitled to a temporary injunction, as prayed for in the Complaint against the defendants, McCoy, Griffin and Henderson, to enjoin them from prosecuting any suit or action for the recovery of relief benefits from said Relief Department for any period after the effective date of the granting of their respective annuities under the Railroad Retirement Act, and against the Relief Department of the Baltimore and Ohio Railroad Company and William M. Kennedy, its Superintendent, to enjoin them from making payment to said defendants, or any of them, of any of such benefits, and that such injunction, when granted, shall be operative as against all members of said Relief Department in the same class with said defendants.