Beatrice E. GRIFFITH, Administratrix of the Estate of Roy Griffith, Deceased,

v.

BALTIMORE & OHIO RAILROAD COMPANY.

Civ. No. 7868.

United States District Court
N. D. Ohio, W. D.

May 2, 1958.

Findings of Fact and Conclusions of Law
May 23, 1958.

Paul B. Shawen, Perrysburg, Ohio, for plaintiff.

Shumaker, Loop & Kendrick, Charles W. Peckinpaugh, Jr., Toledo, Ohio, S. R. Prince, C. C. Rettberg, Jr., Baltimore, Md., for defendant.

KLOEB, District Judge.

Defendant moves the Court for summary judgment in its favor as to that portion of plaintiff's complaint seeking damages for loss of wages and reduced pension.

It is not denied that plaintiff's decedent elected to submit his claim for wrongful discharge to the National Railroad Adjustment Board. The exhibits filed by defendant in support of its motions clearly bear this out. These exhibits also establish that the National Railroad Adjustment Board denied the claim of plaintiff's decedent. Plaintiff is bound by the decision of this Board. Ramsey v. Chesapeake & Ohio R. Co., D.C.N.D.Ohio, 1948, 75 F.Supp. 740; Kelly v. Nashville, Chattanooga & St. Louis Ry., D.C.E.D.Tenn.1948, 75 F. Supp. 737; Michel v. Louisville & N. R. Co., 5 Cir., 1951, 188 F.2d 224, certiorari denied 1951, 342 U.S. 862, 72 S.Ct. 87, 96 L.Ed. 648; Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 1949, 174 F.2d 673.

The motion for summary judgment as to that portion of plaintiff's complaint seeking damages for loss of wages and reduced pension is sustained.

Defendant moves the Court to dismiss that portion of plaintiff's complaint dealing with monies allegedly due and owing from the relief association of employees of defendant railroad on the ground that the Relief Department

is a voluntary unincorporated association and that, therefore, plaintiff has addressed his complaint to the wrong party defendant. With this we agree. Richmond & I. Const. Co. v. Richmond, N., I. & B. R. Co., 6 Cir., 1895, 68 F. 105, 34 L.R.A. 625; Cimprich v. Pennsylvania R. Co., 1935, 119 Pa.Super. 5, 180 A. 51; Brennan v. McCoy, D.C.N.D.W.Va. 1940, 34 F.Supp. 865.

The motion to dismiss that portion of plaintiff's complaint dealing with monies allegedly due and owing from the Relief Department is sustained.

An order may be drawn accordingly.

Defendant may, within ten days, prepare Findings of Fact and Conclusions of Law drawn in accordance with this Memorandum and plaintiff may, within five days thereafter, prepare and file any exceptions or suggested additions thereto.

Under date of April 18, 1958, plaintiff moved the Court for an order to require defendant to file an answer in this cause. This motion is overruled.

An order may be drawn accordingly.

### Findings of Fact and Conclusions of Law

This cause came on to be heard on the defendant's motion to dismiss that portion of the complaint seeking to recover monies allegedly due and owing to plaintiff from the Relief Department of The Baltimore & Ohio Railroad Company, and on the defendant's motion for summary judgment as to that portion of the complaint seeking damages for loss of wages and reduced pension, being all of the issues raised by the complaint, and upon consideration thereof and of the complaint, the affidavits filed by the parties and the briefs of counsel for the parties, and being fully advised in the premises, the court makes and enters herewith its findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff, Beatrice E. Griffith, Administratrix of the Estate of Roy Griffith, deceased, the decedent having died following the institution of this litigation and his administratrix having been duly substituted in his place and stead as plaintiff herein, is, and at all times material herein was, a citizen of the State of Ohio, residing in Toledo, Lucas County, Ohio, and is the duly appointed, qualified and acting administratrix of said estate by appointment of the Probate Court of Lucas County, Ohio.

2. Defendant, The Baltimore & Ohio Railroad Company, is, and at all times material herein was, a citizen of the State of Maryland, with its principal office located in Baltimore, Maryland.

3. This is an action between citizens of different states of the United States, and the amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

4. Plaintiff's decedent was employed by the defendant on or about November 9, 1926, as a brakeman and yard foreman and he performed his duties as such in the service of the defendant in and about Toledo, Lucas County, Ohio, until on or about November 4, 1946. On said date, plaintiff's decedent, while engaged in the course of his employment, was involved in an accident and as a direct result thereof he sustained serious personal injuries which he claimed left him permanently disabled and unable to perform his work and duties as a brakeman and yard foreman.

5. Following said accident, plaintiff's decedent instituted an action against the defendant in the Superior Court of Cook County, Illinois, claiming damages in the amount of $50,000 for said personal injuries and permanent disabilities. Subsequent to the institution of said litigation, plaintiff's decedent and the defendant entered into a settlement of the claims involved in said litigation under the terms of which defendant paid to plaintiff's decedent the sum of $13,000 and said action was dismissed with prejudice. At the time of said settlement, on or about November 21, 1947, plaintiff's decedent executed and delivered to the

defendant a written resignation reading in part as follows:

"Due to injuries which are presently disabling and which I expect will disable me permanently, please accept my resignation from service of The Baltimore & Ohio Railroad Company to be effective January 21, 1952."

6. On or about September 20, 1951, plaintiff's decedent advised the defendant that he was cancelling his said resignation and on or about October 5, 1951, he presented himself at defendant's place of business in Toledo, Ohio, for duty as a yard foreman. The defendant refused to reinstate plaintiff's decedent as an employee or to permit him to perform any work as a yard foreman or otherwise. At said time a controversy developed between plaintiff's decedent and the defendant, plaintiff's decedent contending that his resignation was given under a mistake of fact as to his physical condition and the defendant contending that said resignation was an incident to and given in consideration of the settlement of said litigation.

7. Thereafter, plaintiff's decedent, through his collective bargaining agent, the Order of Railway Conductors and Brakemen, submitted a claim to the defendant, seeking his restoration and reinstatement in defendant's service as a yard foreman and to recover certain alleged back wages. Said claim was rejected by the defendant.

8. Thereafter, on or about August 15, 1952, plaintiff's decedent, through his said collective bargaining agent, the Order of Railway Conductors and Brakemen, voluntarily elected to and did institute a claim against the defendant before the First Division of the National Railroad Adjustment Board seeking to recover wages from October 5, 1951, until the time of his reinstatement in the defendant's service as a yard foreman. After due consideration of said claim and the evidence submitted by the parties, said Board rejected said claim on December 8, 1954, in Award No. 16489, stating in part as follows:

"Our conclusion is that the claim should be denied on ground of estoppel, claimant's unconditional resignation made a part of the settlement, and his disloyal conduct during the time his suit was pending.

"Award: Claim denied."

9. The claim asserted by plaintiff's decedent in said proceedings before the First Division of the National Railroad Adjustment Board arose from the same facts and is identical in nature and substance to the claim for lost wages and reduced pension asserted in the complaint herein.

10. The Relief Department of The Baltimore & Ohio Railroad Company is an unincorporated association of certain subscribing employees of the defendant, approximately 37,000 in number at the present time, with its principal office and place of business located at 2 North Charles Street, Baltimore 1, Maryland. Said association was formed prior to 1890 by employees of The Baltimore & Ohio Railroad Company with the two-fold purpose: (1) of providing death benefits for designated beneficiaries after the death of members, and (2) of providing accident and sick benefits to disabled members, said benefit payments being made solely from funds contributed from time to time to the association by the members thereof. Said association is an independent, separate and distinct entity from the defendant and is engaged in separate and distinct business and activities from the defendant.

### Conclusions of Law

1. This court has jurisdiction of the parties to this action and of the subject matter thereof.

2. Any claims which plaintiff might have against the Relief Department of The Baltimore & Ohio Railroad Company may not properly be asserted against the defendant, as said Relief Department is an independent unincorporated asso-

ciation, a separate and distinct entity from the defendant and engaged in separate and distinct business and activities from the defendant. Richmond & Irvine Construction Co. v. Richmond, Nicholasville, Irvine & Beattyville R. Co., 6 Cir., 1895, 68 F. 105, 34 L.R.A. 625; Brennan v. McCoy, D.C.N.D.W.Va.1940, 34 F.Supp. 865; Cimprich v. Pennsylvania R. Co., 1935, 119 Pa.Super. 5, 180 A. 51.

3. The defendant's motion to dismiss that portion of the complaint seeking to recover monies allegedly due and owing to plaintiff from the Relief Department of The Baltimore & Ohio Railroad Company should be sustained and said portion of the complaint dismissed.

4. Under the provisions of Section 3 of the Railway Labor Act (45 U.S.C.A. § 153), awards of the National Railroad Adjustment Board are "final and binding upon both parties to the dispute, except insofar as they shall contain a money award". Award No. 16489 entered by the First Division of the National Railroad Adjustment Board with respect to the claim of plaintiff's decedent against the defendant did not contain a money award and, therefore, was and is final and binding upon both of the parties and is not subject to review or redetermination by this or any other court. Michel v. Louisville & Nashville R. Co., 5 Cir., 1951, 188 F.2d 224, certiorari denied 342 U.S. 862, 72 S.Ct. 87, 96 L.Ed. 648; Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 1949, 174 F.2d 673; Ramsey v. Chesapeake & Ohio R. Co., D.C.N.D.Ohio, 1948, 75 F.Supp. 740; Kelly v. Nashville, Chattanooga & St. Louis Railway Co., D.C.E.D.Tenn.1948, 75 F.Supp. 737.

5. The defendant's motion for summary judgment as to that portion of the complaint seeking damages for loss of wages and reduced pension, being identical in nature and substance to the claim denied by the National Railroad Adjustment Board in Award No. 16489, should be sustained and a judgment entered in favor of the defendant and against the plaintiff as to that portion of the complaint.

6. All of the issues raised by the complaint having been disposed of heretofore and there being no further matters to be resolved between the parties, the complaint should be dismissed with prejudice to the plaintiff at her costs and the defendant should recover from the plaintiff its costs herein expended.